The next case this morning is 524-0025, People v. Tavion S. Arguing for the appellant is Eunseo Nam. Arguing for the applee is Jennifer Camden. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning. Good morning. We have read your briefs and are familiar with the facts. Counsel for the appellant, if you wish to proceed, you can jump directly into your argument if you like. You may proceed when you're ready. Thank you, Your Honor. May it please the court, Counsel, Assistant Appellate Defender Eunseo Nam, on behalf of the minor, Tavion S. The issue on appeal is whether the juvenile court complied with Illinois Supreme Court Rule 402A before it accepted 17-year-old Tavion's admission to invoke the 8-year adult prison sentence. Specifically, the juvenile court addressed some of Rule 402A admonishments, but it failed to comply in three ways. It failed to entirely comply with Rule 402A-A-6, which is the sentencing range for the underlying offense. It failed to substantially comply with Rule 402A-A-5, and it also failed to kind of overall ensure the minor's understanding of each of the required 402A-A admonishments when considering the record as a whole. The focus today will be on the first part, the Rule 402A-A-6 problem, but I can take questions on any of the issues. I guess one of my questions is, do we look at it under 402A-A-6, or do we look at it under all? Or are the standards the same? Are the requirements the same? Okay, so the Rule 402A applies to all of the proceedings, but I guess I'm not understanding the question, Your Honor. I understood People v. Hall, 198 Illinois 2nd, 173. The Supreme Court kind of gave a more relaxed or a different set of requirements that trial judges are required to admonish. Am I misunderstanding that? So, is the court asking about substantial compliance with Rule 402A? Yes. Yes, it should be substantial compliance with Rule 402A. And the question here, though, for the first part is whether the trial court substantially complied with Rule 402A-A-6, which is the sentencing range. So, as a preliminary matter, this court should find that Rule 402A applies to Tavion's case. And also, to kind of distinguish, I may talk about Rule 402, which is for guilty pleas. But today, we're focusing more on Rule 402A, which is for probation replication types of cases and the extended jurisdiction juvenile prosecution proceedings. So, Rule 402A applies in Tavion's case, as this court found in Enri E.W. and more recently, the first district found in Enri D.W. EJJ prosecutions or extended jurisdiction juvenile prosecution proceedings have been found to be substantially similar to probation replication proceedings, specifically the idea of these split sentences. So, following a plea of guilty or a finding of guilt in EJJ proceedings, the juvenile court assigns two sentences, the split sentences to the minor. This is substantially similar to probationary cases in that the respondent can avoid a more severe sentence by complying with certain conditions of probation and by not committing new offenses. So, that's why EJJ proceedings are likened to probation replication cases. Just briefly for the argument, Tavion was, the state filed a petition for adjudication of wardship against Tavion, alleging three counts. Then the state filed a petition to designate Tavion's case as an EJJ prosecution. Thereafter, Tavion pled guilty and now we're talking about the split sentences. He pled guilty and he was given a 36-month probationary sentence under the Juvenile Court Act. And he was also given an adult sentence, which was the eight-year prison term. And that was for the adult sentencing portion. So, he's given these split sentences. But what's immediately enforced and what we want to emphasize to this court is that Tavion was 17 years old when he pled guilty. What's immediately at the forefront of his mind, what's immediately enforced is the 36-month probation. This eight-year adult sentence, that's in the future. That's only if he doesn't comply with probation. So, the parties talk about this ordinary person standard. In our case, we ask this court to consider realistically a 17-year-old or a teenager, an ordinary teenager standard or ordinary 17-year-old like Tavion standard. That's what this court should be applying because in the general sense, this court is aware of the juvenile brain development, things like that, where teenagers' brains are not fully developed. So, again, what's at the forefront when he pled guilty is the 36-months probation. And so, going to the first issue is whether the trial or whether the juvenile court complied with Rule 402-AA6. The court on July 24, 2023, the juvenile court did not admonish Tavion at all about the sentencing range of the underlying conviction of the count one aggravated discharge of a firearm count. So, the sentencing range was four to 15 years. The prison term sentence was four to 15 years in prison. The court did not admonish him about the underlying sentencing range to provide Tavion with a basis of where his eight-year sentence stood. I think the best way to kind of explain this to the court and the parties discuss it in the brief. So, the state's brief, I believe it's page 613 and 14. It's in our reply brief, pages 3 to 4. Rule 402-A for probation revocation proceedings makes no distinction as to whether there's proper admissions for open admissions or negotiated admissions. Meaning, to explain, for an open admission, if a probationer, if a respondent, he admits to a violation of probation, a term or condition. He admits to violating, but there's no sentencing concession by the parties. The trial court has full discretion to either maintain the sentence, up the sentence, give him a prison term. That would be for an open admission. For a negotiated admission, the trial court, again, can reject the party's agreement. But in this scenario, if the trial court accepts the party's negotiated sentence, the trial court is limited. The trial court has to give the respondent the agreed term. So, for example, if the parties agree to an eight-year prison term for a probationer, then the trial court accepting the negotiated admission will give the eight-year prison term. The same application should apply for EJJ proceedings. There's a discretionary and a mandatory type of sentencing for EJJ proceedings, as this court notes. So, discretionary meaning if, let's say, for example, in Tavian's case, he talked or hung out with others in juvenile probation. So, this isn't a crime. This isn't a new crime. It's just a violation of one of the terms. If this happens, and the juvenile court admonished him to this, if this happens, the juvenile court has discretion. It can give the same sentence. It can up the sentence. It can invoke up until the adult sentence. So, the juvenile court has discretion in this discretionary scenario. But as in Tavian's case, where it's mandatory, meaning that the minor commits a new crime. So, the prison term becomes mandatory with an admission. With a negotiated admission, there's a mandatory adult prison term that's been already imposed. But these are similar. So, open admissions, like the discretionary types. The negotiated admissions, like the mandatory types of scenarios under EJJ proceedings. Rule 402A does not make any distinction. So, there's no distinction, no limitations. The trial court doesn't have to give less admonishments if there's a negotiated sentence or a negotiated admission. The same thing should apply here. Under Rule 402A, because it applies to EJJ cases, this court should read a uniform way to apply this. Juvenile courts shouldn't have to decide, oh, this is a mandatory type of situation. We don't have to give certain admonishments under Rule 402A, because 402A does not make those limitations or exceptions. In all EJJ proceedings, like all probation revocation proceedings, the trial court, the juvenile court, should give all of the Rule 402A admonishments or substantially comply with all of the admonishments. So, AA1 through AA6. All of those are given regardless of whether it's a negotiated admission or an open admission, a mandatory type of case, or a discretionary type of EJJ case. And this will make the law consistent, all of the cases consistent. There's no confusion with the trial courts. The rule just has to be followed, substantially complied with. And arguably, in EJJ cases with the mandatory sentence, the sentencing range is really important, because the juvenile, the minor needs to know where his sentence lies, because if he admits to the invocation of the adult criminal sentence, the sentence is all but guaranteed. He will get the eight years. There's no question. There's no exceptions. The juvenile court doesn't have discretion. He will get the eight years if he admits. So, he needs to know that this eight years is between four and 15. He needs to know that if I admit, I'm not going to have a chance at all to fight this. Ms. Naum, your time is up. I will give you a chance for about one moment, unless Justice Welch has questions now. Justice Welch? No. Right. We'll come back to you for about one moment. Yep, thank you. Ms. Camden, you're ready to proceed? Yes, Your Honor. Thank you. May it please the court, counsel, Jennifer Camden on behalf of the people. This case presents the apparently novel issue of how to apply subsection A6 of Rule 402A in an EJJ case. Here, strict compliance with the plain language of subsection A6 would have required the court to ensure that the respondent understood that his sentencing range was four to 15 years, but that would have been factually and legally incorrect by operation of the fully negotiated plea agreement and also under the EJJ statute itself. This court should avoid that interpretation and should consider the rule in light of its purpose, which is, of course, to ensure that probationers understand the consequences of admitting violations of probation. And in that light, substantial compliance with subsection A6 of the rule occurs in an EJJ case when the trial court advises the probationer of the available adult sentence if probation is revoked, which will be the specific adult sentence that was already imposed but stayed under the EJJ statute and not the original sentencing range for the underlying offense. After all, in adult cases and non-EJJ juvenile cases, a defendant who violates probation may receive any sentence within the original range, and that's within the circuit court's discretion. So in such cases, strict compliance with subsection A6 will result in an accurate admonishment about the applicable sentencing range from which the court may choose after the probationer admits a violation. So in such cases, such as the In re Wesley case, which is a non-EJJ juvenile case, which both parties cite in the briefs, a court will have found that a subsection A6 was violated where the defendants were not advised about the range of sentences that would be available for the court to choose from. But EJJ cases are different, as the state explained in the answer brief, and the respondent in the reply brief at pages 3 and 4 appears to concede that strict compliance with subsection A6 would be inaccurate in an EJJ case because the respondent for the first time suggests that the court could have and should have told the respondent that the sentencing range usually would be 4 to 15 years for the class 1 felony of aggravated discharge of a firearm, but that in this case his sentence would be 8 years. So first I want to note that this argument wasn't raised in the opening brief, and there's no authority cited to support it. But in any event, the state's response to this new suggestion for what the court could have said remains the same as in the answer brief, which is that substantial compliance with the rule does not and cannot require advisement of an inapplicable sentencing range, and that the court's admonishment here was sufficient because it at least advised him of what the consequences of his admission actually would have been. Now the respondent argues that he had to consider where the 8-year sentence fell within the original range, but the time for him to consider that range was at his fully negotiated plea hearing about six months prior, where he was advised of the then-available range of 4 to 15 years, and he then agreed that an 8-year sentence would be imposed but stayed. And after that point, any other prison sentence was off the table under the EJJ statute, and that's regardless of whether a future violation was criminal or non-criminal. The parties had bargained that away, and the time to withdraw that deal had elapsed. So by the time of the revocation hearing, the 8-year sentence was locked in, and the respondent in the reply at page 7 concedes that he knew this. So the inapplicable sentencing range could not have affected his decision to admit a probation violation. What mattered at that point was the considerable strength of the state's evidence and the state's new offer to dismiss a newly filed petition charging him with another crime, criminal trespass, in exchange for his admission in this case. Another factor here was explained by defense counsel, which was that the respondent wanted to admit the violation without further delay so that he could enter the Department of Juvenile Justice before his 18th birthday, which was then about a month away. Another respondent in the reply and today has attempted to draw a distinction between open admissions versus negotiated admissions, and he argues that in adult and non-EJJ cases, a probationer can admit to a probation violation in exchange for a sentencing concession. And in such cases, under subsection A-6, he must still be advised of the full range. But the difference between those cases, adult and non-EJJ cases, and the EJJ case presented here, is that in such cases, at the revocation hearing, the defendant is weighing the desirability of the state's sentencing concession in light of the full range that's still applicable to him. So the full range is relevant to the defendant's calculations at that point. But here, again, the full sentencing range was not part of any proposed deal being considered by the respondent at the revocation hearing. Again, it was already off the table under both the EJJ statute and the fully negotiated plea agreement. The respondent has argued that an ordinary minor standard should apply to what he understood. But the ordinary person standard applies here, and that's under the In re Wesley case, which was a non-EJJ juvenile case. That case refers to an ordinary person standard and not some lesser standard. But in any event, under either standard, the respondent in this case was 17 years and 11 months old. So any difference between an ordinary person of that age and an ordinary 18-year-old would be negligible at best. Now, in the alternative, the state has presented a couple of arguments in its answer brief. First, that even if this court interprets subsection A6, as respondent suggests, there was still substantial compliance here based on the trial court's prior advisement of the previously applicable sentencing range. Again, using the ordinary person rather than ordinary minor standard. And then as a second alternative, even if this court finds a lack of substantial compliance with subsection A6, this court should affirm because the respondent has not shown prejudice or a denial of real justice here, where the alleged error was a failure to remind him of a sentencing range that, again, no longer applied to him. He received the sentence for which he bargained at the negotiated plea hearing and the sentence of which he was advised at the sentencing hearing. He did not receive a more onerous sentence than the one of which he was advised at the revocation hearing. And here he has not claimed that he would not have admitted the state's petition if he had been reminded of the previously applicable sentencing range of four to 15 years. Again, in fact, he was eager to admit the petition so he could win the dismissal of a separately pending petition and so that he could gain admission to the Department of Juvenile Justice before his 18th birthday. I'll be happy to answer any questions about this first issue or about the truth in sentencing issue or the arguments about substantial compliance with the remainder of Rule 402A. Otherwise, the people will respectively request that the court affirm for these reasons and the reasons stated in the people's answer brief. Thank you. Questions, Justice Welch? Yes. Thank you. Ms. Nam, rebuttal? Yes, Your Honor. As to the matter of prejudice or the denial of real justice, we asked this court to follow cases like People v. Dennis, Saleh, Curry, Ellis, Wesley AF, and especially Bailey. So, Bailey is a newer case where the court actually discusses the case relied on by the cases at the state sites. So, the state sites to People v. Anderson, Walsh, and Randolph. So, that's for guilty pleas. And in People v. Bailey, the court stated in probationary cases, the prejudice prong that People v. Davis talks about does not seem to be applicable. So, we asked this court to follow People v. Bailey. It's a published case. As to the matter of prejudice and real justice, the state sites to Anderson and Walsh, and I believe those and Randolph, all three of them are not published cases. Jumping back, this case is different from cases like Wesley AF or these normal adult cases. So, normal adult cases or normal delinquency cases. Again, Tavion's case is a little bit more complicated. It's not simply plead guilty, probation, probation violation. We have multiple petitions to adjudicate him, to designate his case as an AJJ prosecution, multiple petitions to revoke probation, to invoke the adult criminal sentence. So, his case is more complicated. There's more hearings. There's the initial EJJ hearing. There's the guilty plea hearing. There's the probationary hearing. There's different standards at each hearing. There's different results of each hearing. So, we asked this court to specifically consider his case as an ordinary minor or ordinary 17-year-old, especially because this case is different from the normal delinquency cases or the normal adult criminal cases. And just as a clarification, the guilty plea hearing that took place was over seven months ago, not six months ago. So, it's over seven months ago that the guilty plea hearing took place where the underlying sentencing range was stated, and that should not be enough in Tavion's case. Again, his case was complicated, multiple petitions, multiple hearings, different outcomes, different standards for each hearing. And lastly, the state seems to be asking for this court to carve out an exception or a limitation to Rule 402A, but this court should not. Rule 402A does not come with exceptions or limitations. Rule 402A should apply equally, again, to open admissions, negotiated admissions, to these mandatory types of EJJ cases and the discretionary types of EJJ cases. There is no exception to Rule 402A. For consistency, for better practice, for juvenile courts to know what's required of them under Rule 402A, this court should keep a consistent reading of Rule 402A where the court needs to substantially comply with each of the required admonishments. So, for Rule 402A, A6, the court needs to give the underlying sentencing range regardless of whether it's the pre-imposed adult criminal sentence that the client or the minor will get, or if it's a discretionary sentence of maintaining the sentence, upping the sentence, or getting up until the adult criminal sentence that was previously imposed. So, unless there's any questions, we ask this court to vacate the invocation of the adult eight-year sentence and remand for further proceedings. All right. Thank you. Justice Welch, any questions? No questions. All right. Thank you. Thank you, Your Honors. We appreciate the arguments you made in your briefs and the oral arguments you made today. We will take the matter under advisement and issue a decision in due course. This concludes the oral argument portion of our hearings today. We have some matters that are non-oral that we'll take up while in recess. So, this court will be in recess. Thank you.